[Civ. No. 5587. First Appellate District, Division Two.—January 22, 1927.]

## FRANCES MARSH, Appellant, v. THOMAS MARSH, Respondent.

[1] APPEAL — ALTERNATIVE METHOD — SUFFICIENCY OF EVIDENCE — BRIEFS. — Where an appeal is taken under section 953a of the Code of Civil Procedure, and is based upon a question of the sufficiency of the evidence, it is incumbent upon appellant to print in the brief or in a supplement thereto such portions of the record as he desires to call to the attention of the court, as required by section 953c of the Code of Civil Procedure, and appellant has not met the terms of the statute when he has merely printed the evidence favorable to him alone.

[2] ID. — DIVORCE — SEPARATE MAINTENANCE—FINDINGS—EVIDENCE — RECORD.—Where plaintiff in an action for separate maintenance was denied relief and an interlocutory decree of divorce was entered on the cross-complaint of defendant, it must be assumed on appeal, in the absence of a contrary showing, that, although a *prima facie* case was made out by plaintiff sufficient to justify a finding favorable to her, competent evidence was offered and received sufficient to support the findings and decree adverse to her.

[3] ID. — BRIEFS — IMPROPER PRESENTATION OF POINTS — DIVORCE. — Where no argument or citation of authorities was made in support of appellant's point that, because section 122 of the Civil Code provides that recrimination is a showing in bar of plaintiff's cause of action for separate maintenance, no affirmative judgment could be awarded to defendant on his cross-complaint for divorce, the appellate court was not required to consider it.

(1) 3 **C. J.,** p. 1418, n. 99.   (2) 4 **C. J.,** p. 776, n. 56.   (3) **3 C. J.,** p. 1428, n. 53, p. 1431, n. 90.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ira F. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Porter C. Blackburn for Appellant.

Edward E. Leighton for Respondent.

1. See 2 Cal. Jur. 643.

NOURSE, J.—Plaintiff sued for separate maintenance, charging cruelty. The defendant answered and filed a cross-complaint for divorce on the ground of cruelty. The plaintiff was denied relief on her complaint for maintenance and an interlocutory decree of divorce was entered on the cross-complaint by the terms of which the plaintiff was awarded the custody of the minor child of the parties, an equal share of the community property and thirty dollars a month for the support of herself and the child. From this decree the plaintiff has appealed under section 953a of the Code of Civil Procedure.

In her brief the appellant has made a brief statement of the facts of the case and has printed excerpts from the testimony of witnesses favorable to her to show that sufficient evidence was offered to warrant a judgment in her favor on her original complaint. The appellant then states as her points on appeal: (1) That the evidence was insufficient to justify a divorce on respondent's cross-complaint; (2) that, in view of her *"prima facie"* case for separate maintenance, the divorce to respondent was error, and (3) that because of section 122 of the Civil Code the only relief to which respondent was entitled was a denial of relief to appellant on her complaint.

[1] Where an appeal is taken under section 953a of the Code of Civil Procedure, it is incumbent upon the appellant to print in the brief or in a supplement thereto such portions of the record as the attention of the court is called to. (Sec. 953c, Code Civ. Proc.) Manifestly, when the appeal is based upon a question of the sufficiency of the evidence the appellant has not met the terms of the statute when he has merely printed the evidence favorable to him alone, because we must assume that when the finding is adverse to him it is based upon competent evidence until the contrary is shown. Thus we are unable to say on an appeal taken in this method whether the evidence is sufficient to support a particular finding unless the briefs disclose what evidence was offered in support of the finding.

[2] As to the second point advanced by appellant, we must assume, in the absence of a contrary showing, that, though the *"prima facie"* case made out by the appellant was sufficient to justify a finding favorable to her, compe-

tent evidence was offered and received sufficient to support the findings and decree adverse to her.

[3] Upon the third point the appellant merely states that because section 122 of the Civil Code provides that recrimination is a showing in bar of plaintiff's cause of action no affirmative judgment could be awarded to the respondent. No argument or citation of authority is made in support of the point, and we are, therefore, not called upon to give it further consideration.

We have carefully examined the entire record, notwithstanding appellant's failure to print the essential portions thereof in her brief, and we are satisfied that the action was fully and fairly tried and that no prejudicial error occurred.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.